IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERICA M. BATES PLAINTIFF

vs. Civil No. 2:26-cv-02017

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Erica M. Bates ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief Judge, referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

## 1. Background

Plaintiff filed her DIB and SSI disability applications in May 2020. (Tr. 420-434).[1] In her applications, Plaintiff alleges being disabled due to blood clot disorder, chronic pancreatitis, and fibromyalgia. (Tr. 534). Plaintiff alleged an onset date of May 1, 2020. (Tr. 13). Plaintiff's applications were denied initially and again upon reconsideration. (Tr. 122). Following an initial

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself not the ECF page number.

hearing, the ALJ entered an unfavorable hearing on December 28, 2021. (Tr. 122-134). The Appeals Council then remanded this matter back to the ALJ for further review. (Tr. 143-144). Following remand, the ALJ again issued an unfavorable decision on August 9, 2023. (Tr. 153- 161). Following this decision, on April 16, 2024, the Appeals Council once again remanded the matter. (Tr. 172-174).

Following this remand, Plaintiff had an administrative hearing on November 19, 2024. (Tr. 37-64). At this hearing, Plaintiff was present and represented by Laura McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Rachel Hawkins testified at the hearing. *Id.*

The ALJ entered an unfavorable decision on August 22, 2025. (Tr. 13-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2028. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had engaged in substantial gainful activity ("SGA") since January 1, 2021. (Tr. 16, Finding 2). However, the ALJ found there had been a continuous 12-month period during which the Plaintiff did not engage in SGA. (Tr. 13, Finding 3).

The ALJ determined Plaintiff had severe impairments of cystic fibrosis, pancreatitis, fibromyalgia, gastrointestinal disorder, irritable bowel syndrome without diarrhea, asthma, and obesity. (Tr. 16, Finding 4). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 18, Finding 5).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 19-24). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform sedentary work but was limited to occasional stooping, kneeling, crouching, crawling and climbing ladders, ropes, scaffolds, ramps, and stairs;

no concentrated exposure to dust, fumes or other pulmonary irritants; and would need to sit and stand at will while remaining at the workstation and on task. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 7). The ALJ determined Plaintiff was capable of performing her PRW as a medical clerk. *Id.* However, the ALJ also found there were jobs in significant numbers in the national economy that Plaintiff could perform. *Id.* With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) document preparer with approximately 17,000 jobs in the nation, (2) call out operator with approximately 3,000 jobs in the nation and (3) ticket checker with approximately 7,000 jobs in the nation. *Id*. Based upon these findings, the ALJ determined Plaintiff had not been disabled under the Act from May 1, 2020, through the date of the decision. (Tr. 25, Finding 8).

On February 18, 2026, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2. <u>Applicable Law</u>**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 11. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ failed to fully and fairly develop the record, (B) the ALJ erred in assessing her subjective allegations, and (C) the ALJ erred in the RFC determination. *Id.* The Court will consider each of these arguments.

**<u>A. Duty to Develop the Record</u>**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations is stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that she was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff claims that the ALJ erred by failing to fully and fairly develop the record regarding Plaintiff's alleged impairments and the ALJ should have ordered additional consultative evaluations. (ECF No. 11, pp. 8-13).

Initially, the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations

during the time period in question. *See Barrett v. Shalala*, 38 F.3d 1019 at 1023. While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; she simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Id*. After reviewing the administrative record, the Court finds nothing which establishes the record was inadequate for the ALJ to make her decision. Initially, the Court would note the medical record in this matter was over 2,300 pages of various records. The medical record includes a consultative physical evaluation; medical consultant opinions; physical exam reports; office notes, hospital reports, radiology reports, and medical treatment records.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has made no demonstration that any further record development would have changed the outcome of the ALJ's determination.

Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed and that she was prejudiced by any perceived failure to develop the record.

**B. Subjective Allegations**

Plaintiff also claims the ALJ erred in evaluating her subjective allegations of disability. ECF No. 11, pp. 13-15. In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or

from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor if the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). If the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in her evaluation of Plaintiff's subjective allegations. (Tr. 19-24). Indeed, the ALJ opinion outlined Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id.* The ALJ also noted her daily activities and set forth reasons for finding them not as limiting as described by Plaintiff. *Id.* Specifically, the ALJ noted Plaintiff worked at an SGA level for several years after her alleged onset date. *Id.* Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how she received treatment and medication for her impairments that appeared to be effective. *Id*. The ALJ also noted how her conservative treatment was inconsistent with allegations of disability. *Id.* Based upon the Court's review, there is no basis for reversal on this issue. *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole").

**C. RFC Determination**

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work with postural and environmental restrictions. (Tr. 19, Finding 6). Plaintiff argues the ALJ erred in this RFC determination. ECF No.11, pp. 15-19. However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. See 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart*,

377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The mere fact Plaintiff suffers from several impairments does not demonstrate she has more limitations than those found in the RFC assessment.

In her opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible. (Tr. 19-24). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in the decision. *Id.* The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing the RFC. *Id.*

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

## 4. Conclusion

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 1st day of September 2026.**

/s/ Spencer G. Singleton
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE